**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Gabrielle Drexler | : Civil Action No. 11-04467 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| Township of Lower Merion, | : |
| Township of Lower Merion Police Department, | : |
| Police Officer Michael John, | : |
| Police Superintendent Michael J. McGrath, and | : |
| Police Officer Stephen Salera | : |
| | : |

# ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of the Motion for Sanctions of Defendants, Township of Lower Merion, Township of Lower Merion Police Department, Police Superintendent Michael J. McGrath and Police Officer Stephen Salera, and any Response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

Further, monetary sanctions in the amount of $_____ are awarded to Moving Defendants and are to be paid within twenty-one (21) days of issuance of this Order.

BY THE COURT:

_____ J.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabrielle Drexler | : Civil Action No. 11-04467 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| Township of Lower Merion, | : |
| Township of Lower Merion Police Department, | : |
| Police Officer Michael John, | : |
| Police Superintendent Michael J. McGrath, and | : |
| Police Officer Stephen Salera | : |
| | : |

## MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11

Defendants, Township of Lower Merion, Township of Lower Merion Police Department, Police Superintendent Michael J. McGrath and Police Officer Stephen Salera, by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin and Christopher Boyle, Sr., Esquire, file this Motion for Sanctions pursuant to F.R.C.P. 11 and aver:

1. Plaintiff instituted this action by filing a Complaint on or about July 13, 2011.  (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

2. In Plaintiff's Complaint, she alleges violation of her civil rights, and state tort claims, against all Defendants.

3. Plaintiff alleged that she was subjected to a false imprisonment at the hands of Defendant, Police Officer Stephen Salera, and that Defendants, Township, Police Department and Superintendent McGrath, maintained a custom, practice or policy of constitutional violations, related to the conduct of Officer Salera, and Co-Defendant, Officer Michael John.

4. The basis of Plaintiff's Complaint, was that she was illegally detained by Officer Salera, and stalked and indecently assaulted by Officer John, both following custom, practice or policy of the remaining Defendants.

5. On November 18, 2011, District Attorney for Montgomery County, announced that Plaintiff Gabrielle Drexler, had been arrested and charged with perjury, tampering with evidence, false reports to law enforcement authorities and related offenses, directly related to the allegations of the Complaint. (A copy of the press release and finding and recommendations of the Montgomery County Grand Jury, are attached hereto as Exhibit "B").

6. In recommending charges to the presiding judge, the grand jury pointed out that Plaintiff, Gabrielle Drexler, had lied under oath to the Grand Jury, and made false accusations against Defendants in the instant matter. (Exhibit "B").

7. After reviewing all of the evidence in this matter, and the testimony of nine witnesses, the Grand Jury established that Co-Defendant Officer John had not stalked or indecently assaulted Plaintiff, and Officer Salera had not falsely imprisoned or detained Gabrielle Drexler and, by extension, that the remaining Defendants were not responsible for a custom, practice or policy of constitutional violations.

8. The finding of the Grand Jury establish, conclusively, that Plaintiff has no basis to pursue the claims in this matter.

9. Specifically, all or part of the content of paragraphs: 1-6, 15-17, 26-28, 35, 48-53, 55-62, 68-72, 75, 77-81, 83-103, 105-108, 110-111, 113-116 and 188-123 are materially false.

10. The allegations of Plaintiff's Complaint are presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

11. Legal contentions of Plaintiff's Complaint are not warranted by existing law or by a non frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

12. Factual contentions of Plaintiff's Complaint do not have evidentiary support, and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

13. Factual contentions of Plaintiff's Complaint are not warranted on the evidence, or on a reasonable belief or lack of information.

14. Notice of these sanctionable infractions were provided to Plaintiff's counsel on Monday, November 21, 2011, along with a cover letter, giving Plaintiff twenty-one days to withdraw or appropriately correct the Complaint. (A copy of the November 21, 2011 correspondence is attached hereto as Exhibit "C")

15. With the filing of this Motion before the Court, it is attested by Moving Defendants that Plaintiff has failed to withdraw the claims or appropriately correct the Complaint within the twenty-one days permitted by Rule 11(c)(2).

16. Defendants are entitled to a dismissal of all claims, and to award of appropriate monetary sanctions.

                    MARSHALL, DENNEHEY, WARNER,
                    COLEMAN & GOGGIN

BY:   s/Christopher Boyle, Sr.
       CHRISTOPHER BOYLE, SR., ESQUIRE
       ID#  PA93002
       620 Freedom Business Center, Suite 300
       King of Prussia, PA 19406
       (610) 354-8476 Fax (610) 354-8299
       Email:  cpboyle@mdwcg.com
       Attorney for Defendants, Township of Lower Merion,
       Township of Lower Merion Police Department,
       Police Superintendent Michael J. McGrath and
       Police Officer Stephen Salera

DATE:  12/13/11
26/1816844.v1

**IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Gabrielle Drexler | : Civil Action No. 11-04467 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| Township of Lower Merion, | : |
| Township of Lower Merion Police Department, | : |
| Police Officer Michael John, | : |
| Police Superintendent Michael J. McGrath, and | : |
| Police Officer Stephen Salera | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS
PURSUANT TO F.R.C.P. 11**

**I.   BACKGROUND**

Plaintiff instituted this action by filing a Complaint on or about July 13, 2011.  In Plaintiff's Complaint, she alleges violation of her civil rights, and state tort claims, against all Defendants.  Plaintiff alleged that she was subjected to a false imprisonment at the hands of Defendant, Police Officer Stephen Salera, and that Defendants, Township, Police Department and Superintendent McGrath, maintained a custom, practice or policy of constitutional violations, related to the conduct of Officer Salera, and Co-Defendant, Officer Michael John.  The basis of Plaintiff's Complaint, was that she was illegally detained by Officer Salera, and stacked and indecently assaulted by Officer John, both following custom, practice or policy of the remaining Defendants.

On November 18, 2011, District Attorney for Montgomery County, announced that Plaintiff Gabrielle Drexler, had been arrested and charged with perjury, tampering with evidence, false reports to law enforcement authorities and related offenses.  In recommending charges to the presiding judge, the jury pointed out that Plaintiff, Gabrielle Drexler, had lied under oath to the Grand Jury, and made false accusations against Defendants in the instance matter.  After

reviewing all the evidence in this matter, and the testimony of nine witnesses, the Grand Jury established that Co-Defendant Officer John had not stalked or indecently assaulted Plaintiff, and Officer Salera had not falsely imprisoned or detained Gabrielle Drexler and, by extension, that the remaining Defendants were not responsible for a custom, practice or policy of constitutional violations.  The finding of the Grand Jury establish, conclusively, that Plaintiff has no basis to pursue the claims in this matter.  Specifically, all or part of the content of paragraphs:  1-6, 15-17, 26-28, 35, 48-53, 55-62, 68-72, 75, 77-81, 83-103, 105-108, 110-111, 113-116 and 188-123 are materially false.

      The allegations of Plaintiff's Complaint are presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Legal contentions of Plaintiff's Complaint are not warranted by existing law or by a non frivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Factual contentions of Plaintiff's Complaint do not have evidentiary support, and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  Factual contentions of Plaintiff's Complaint are not warranted on the evidence, or on a reasonable belief or lack of information.  Notice of these sanctionable infractions were provided to Plaintiff's counsel on Monday, November 21, 2011, along with a cover letter, giving Plaintiff's twenty-one days to withdraw or appropriately correct the Complaint.  With the filing of this Motion before the Court, it is attested by Moving Defendants that Plaintiff has failed to withdraw the claims or appropriately correct the Complaint within the twenty-one days permitted by Rule 11(c)(2).  Defendants are entitled to a dismissal of all claims, and to award of appropriate monetary sanctions.

## II.     LEGAL ARGUMENT

F.R.C.P. 11(b) provides, in relevant part:

> Representations to the Court.  By presenting to the Court a pleading, a written Motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best to the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non frivolous argument for extending, modifying or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

F.R.C.P. 11(b)

Plaintiff has made material and false representations to the Court in the form of the Complaint.  Findings of the Montgomery County Grand Jury in this matter, establish that Plaintiff has lied under oath, that she was never improperly detained in any manner by Defendant, Officer Salera, was never subjected to any criminal act by Co-Defendant, Officer John, and that remaining Defendants, Township of Lower Merion, Township of Lower Merion Police Department and Superintendent McGrath do not have a custom, practice or policy of constitutional violations.

Moving Defendants submit the dismissal of Plaintiff's Complaint, and award of monetary sanctions, are appropriate remedies under the circumstances.

                                   MARSHALL, DENNEHEY, WARNER,
                                   COLEMAN & GOGGIN


BY:    s/Christopher Boyle, Sr.
         CHRISTOPHER BOYLE, SR., ESQUIRE
         ID#  PA93002
         620 Freedom Business Center, Suite 300
         King of Prussia, PA 19406
         (610) 354-8476 Fax (610) 354-8299
         Email:  cpboyle@mdwcg.com
         Attorney for Defendants, Township of Lower Merion,
         Township of Lower Merion Police Department,
         Police Superintendent Michael J. McGrath and
         Police Officer Stephen Salera

DATE:  12/13/11
26/1816844.v1

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabrielle Drexler | : Civil Action No. 11-04467 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| Township of Lower Merion, | : |
| Township of Lower Merion Police Department, | : |
| Police Officer Michael John, | : |
| Police Superintendent Michael J. McGrath, and | : |
| Police Officer Stephen Salera | : |
| | : |

## CERTIFICATE OF SERVICE

    I, CHRISTOPHER BOYLE, SR., ESQUIRE, being duly sworn according to law, hereby certify that Defendants' Motion for Sanctions was forwarded to all counsel of record on November 21, 2011 and was sent via first class mail, postage prepaid to the last known address of other parties or their representatives.

Jeffrey R. Lessin, Esquire
Mark T. Richter, Esquire
Jeffrey R. Lessin & Associates, P.C.
Two Penn Center, Suite 600
1500 JFK Blvd.
Philadelphia, PA 19102

George H. Knoell, Esquire
Kane, Pugh, Knoell & Driscoll
510 Swede Street
Norristown, PA 19401

                    MARSHALL, DENNEHEY, WARNER,
                      COLEMAN & GOGGIN

    BY:    s/Christopher Boyle, Sr.
              CHRISTOPHER BOYLE, SR., ESQUIRE
              ID#  PA93002
              620 Freedom Business Center, Suite 300
              King of Prussia, PA 19406
              (610) 354-8476 Fax (610) 354-8299
              Email:  cpboyle@mdwcg.com
              Attorney for Defendants, Township of Lower Merion,
              Township of Lower Merion Police Department,
              Police Superintendent Michael J. McGrath and
              Police Officer Stephen Salera

DATE:  12/13/11
26/1816844.v1